# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| VETSTEM BIOPHARMA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CALIFORNIA STEM CELL TREATMENT CENTER, INC., <br><br> Defendant. | CASE NO. 2:19-CV-04728-AB-FFM <br><br> **JOINT STIPULATION FOR ENTRY OF STIPULATED PROTECTIVE ORDER** <br><br> **JURY TRIAL DEMANDED** |

The parties agree during the course of discovery it may be necessary to disclose certain confidential information, including protected health information ("PHI") as defined by HIPAA, relating to the subject matter of this action. They agree certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because adjudication of the causes of action presented in this case, including at least infringement of the U.S. Patent No.

1

9,453,202 by Defendant, will require the production of commercially sensitive information by each of the parties. More specifically, at least the following categories of information and documents may be produced in this case which require protection from public disclosure:

  1. technical information relating to medical procedure protocols developed, sold, or used by one or both of the parties, which may include information protectable as trade secrets and/or confidential research or patient information;

  2. technical, marketing, or business development information and documents previously disclosed under non-disclosure agreements;

  3. confidential financial information of the parties, including sales, revenue, market share, profit and loss data;

  4. personal communications of the parties;

  5. confidential licensing and settlement information or other business dealings or agreements prohibited from public disclosure by their express terms;

  6. documents that may be protectable under one or more privileges (attorney-client, work product, and the like); and

  7. PHI.

Pursuant to Fed. R. Civ. P. 26(c), and the applicable local rules, the parties stipulate to and petition the court to enter the following Stipulated Protective Order. The parties, by and through their respective counsel, have mutually agreed to enter into this protective order and mutually agree to remain in full compliance with any privacy requirements imposed by regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 (45 C.F.R. §164) ("HIPAA") and the Confidentiality of Medical Information Act (California Civil Code Sections 56-56.37) ("CIMA").

/ / /

/ / /

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' Joint Motion for Protective Order (Dkt. No. 53) and hereby enters the following Protective Order:

**I.    INFORMATION SUBJECT TO THIS ORDER**

1. Discovery materials produced in this case may be labeled as one of two categories: "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" as set forth in Items A and B, below. Both categories of information shall be identified collectively in this Order by the title "Protected Information." This Order shall encompass not only Protected Information, but also:

   a. any information copied or extracted from Protected Information;

   b. all copies, excerpts, summaries, or compilations of Protected Information;

   c. any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Information; and

   d. briefs, memoranda or other writings filed with the Court and exhibits thereto that contain or reflect the content of any such Protected Information.

**A. Information Designated as "CONFIDENTIAL INFORMATION"**

1. For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed in connection with this action to a Receiving Party that a Producing Party, including any Party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action, considers in good faith to contain confidential, commercially sensitive, and/or proprietary information not otherwise known or available to the public and/or to which the Producing Party reasonably believes it owes an obligation of confidentiality to a Third Party. Any CONFIDENTIAL INFORMATION obtained by any Party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2. Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the Producing Party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the Receiving Party.

3. All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 2 shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

4. Documents designated CONFIDENTIAL and information contained therein shall be available only to:

   a. Outside litigation counsel of record for the Receiving Party and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters to whom it is reasonably necessary to disclose the information for this litigation;

   b. Technical advisers and their necessary support personnel, subject to the provisions of section I.C herein, and who have signed and provided the form attached hereto as Attachment A; the term "technical adviser" shall mean independent outside expert witnesses or consultants (i.e., not employees of a Party or of a competitor of a Party, and who at the time of retention are not anticipated to become employees of a Party or a competitor of a Party) with whom counsel may deem it necessary to consult and who comply with Section 3;

   c. One (1) in-house counsel, who is a member of at least one state bar in good standing (or a foreign equivalent thereof) to whom disclosure is reasonably necessary for purposes of this litigation, and who have signed the form attached hereto as Attachment A;

///

d. Two (2) designated representatives of a Party or a Party's parent company, to whom disclosure is reasonably necessary for purposes of this litigation, and who have signed the form attached hereto as Attachment A;

e. The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

f. Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non–technical jury or trial consulting services not including mock jurors; persons or entities that provide litigation support services such as photocopying, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium; provided that all such outside vendors agree to maintain the confidentiality of documents pursuant to this Protective Order;

g. Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

h. Any author, signatory, or prior recipient of the document or the original source of the CONFIDENTIAL information. Such person shall be given access only to the specific document or information therein.

**B. Information Designated "HIGLY CONFIDENTIAL -- OUTSIDE ATTORNEYS EYES ONLY"**

1. The HIGHLY CONFIDENTIAL -- OUTSIDE ATTORNEYS EYES ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes or contains:

/ / /

  a. commercially sensitive marketing, financial, sales, web traffic, research and development, or technical data or information;

  b. commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA");

  c. information or data relating to future products not yet commercially released and/or strategic plans;

  d. commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party;

  e. trade secrets, pricing information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, customer lists, and other non-public information of similar competitive and business sensitivity,

  f. information that is likely to cause economic harm or significant competitive disadvantage to the Producing Party if disclosed; and

  g. PHI.

 2. Documents marked "CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL" shall be treated as if designated HIGHLY CONFIDENTIAL -- OUTSIDE ATTORNEYS EYES ONLY. In determining whether information should be designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY, each Party agrees to use such designation only in good faith.

 3. Documents designated HIGHLY CONFIDENTIAL -- OUTSIDE ATTORNEYS EYES ONLY and information contained therein shall be available only to the persons or entities listed in paragraphs I.A.4.a, b, d, e, f and g subject to any terms set forth or incorporated therein.

///

## C. DISCLOSURE OF TECHNICAL ADVISERS

1. Information designated by the Producing Party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the Receiving Party's technical advisers and their necessary support personnel.

2. No disclosure of Protected Information to a technical adviser or their necessary support personnel shall occur until that person has signed the form attached hereto as Attachment A, and a signed copy has been provided to the Producing Party; and to the extent there has been an objection under paragraph III.C., that objection is resolved according to the procedures set forth below. No disclosure of Protected Information may be provided to an expert or consultant that is a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party. No disclosure of Protected Information may be provided to an expert or consultant that is involved in competitive decision-making, as defined by *U.S. Steel v. United States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party;

3. A Party desiring to disclose Protected Information to a technical adviser shall also give prior written notice of the intended disclosure by email to all counsel of record in the litigation, and the Producing Party shall have five business days after such notice is given to object in writing to the disclosure. The Party desiring to disclose Protected Information to a technical adviser must provide the following information for each technical adviser: name, address, curriculum vitae, current employer, title, job responsibilities, employment history for the past three years including the name of each entity for whom the adviser has worked during that time, any past or present affiliation, whether on an employment or consulting basis, with the Receiving Party, a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding five years, and an identification of any patents or patent applications in which

the technical adviser is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period and resolution of any objection.

4. A Producing Party objecting to disclosure of Protected Information to a technical adviser shall, within five (5) business days of receiving notice of the intended disclosure, state with particularity the ground(s) of the objection. The objecting Party's consent to the disclosure of Protected Information to a technical adviser shall not be unreasonably withheld, and its objection must be based on that Party's good faith belief that disclosure of its Protected Information to the technical adviser will result in specific business or economic harm to that Party. If no Party raises such an objection within five (5) business days of receiving notice of the intended disclosure, the technical adviser shall be deemed qualified to receive the Protected Information described in the notice of intended disclosure.

5. If after consideration of any objection raised, the Party desiring to disclose the Protected Information to a technical adviser refuses to withdraw the technical adviser, that Party shall provide notice to the objecting Party and the Parties shall in good faith attempt to resolve the objection informally. Thereafter, if the informal efforts do not resolve the dispute, the Party objecting to disclosure of Protected Information may file a motion requesting that the technical advisor not be allowed to view the Protected Information. A failure to file such a motion within five (5) business days after any of the parties in writing declares that the parties' efforts to resolve the dispute has reached an impasse, absent an agreement of the Parties to the contrary for an extension of such five (5) business day period, shall operate to allow disclosure of the Protected Information to the technical adviser objected to. The Parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

///

    a. The objecting Party shall have the burden of showing by a preponderance of the evidence that the disclosure sought should be prohibited. The Protected Information subject to the objection shall not be disclosed to the technical advisor objected to unless and until the Court determines that the disclosure should be allowed.

    b. Without the express prior written consent of the Defendant that produced the Protected Information, no expert or consultant retained by a Defendant in this matter shall have access to Protected Information produced by another Defendant in this matter.

### D. CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

  1. The Parties shall use reasonable care when designating documents or information as Protected Information. Nothing in this Order shall prevent a Receiving Party from contending that any documents or information designated as Protected Information have been improperly designated. A Receiving Party may at any time request that the Producing Party cancel or modify the Protected Information designation with respect to any document or information contained therein.

  2. A Party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated. The Parties shall use their best efforts to resolve promptly and informally such disputes.

  3. If an agreement cannot be reached within five (5) business days after receipt of the Receiving Party's written challenge, the Receiving Party shall request that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating Party.

/ / /

4. Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

**E. LIMITATIONS ON THE USE OF PROTECTED INFORMATION**

1. All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other proceeding, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, opposition proceeding, or any business or competitive purpose or function, and shall not be distributed, disclosed or made available to any person who is not entitled to receive such information as herein provided. All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

2. All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court, which have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

3. Any deposition transcript, in whole or in part, may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL -- OUTSIDE ATTORNEYS EYES ONLY by an appropriate statement at the time such testimony is given or thereafter by notifying the other Parties in writing of the portions of such testimony to be so designated within thirty (30) days from receipt of the final certified transcript. Upon such request, the reporter shall mark on the title page the original and all copies of the transcript as designated. Deposition transcripts, in their entirety, shall be treated by default as HIGHLY CONFIDENTIAL -- OUTSIDE ATTORNEYS EYES ONLY until the expiration of the time to make a confidentiality designation. Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the

confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.

4. Any Protected Information that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Information. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the Parties."

5. Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Information based on the designation of such Protected Information. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Information.

6. Nothing in this Order shall restrict in any way the use or disclosure of Protected Information by a Receiving Party:

    a. previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake;

    b. with the consent of the Producing Party; or

    c. pursuant to order of the Court.

7. The Parties agree to meet and confer prior to the pretrial conference to negotiate a proposal for treatment of Protected Information at trial to be submitted for

approval by the Court. A Party shall provide a minimum of two business days' notice to the Producing Party in the event that a Party intends to use any Protected Information during trial. In addition, the Parties will not oppose any request by the Producing Party that the courtroom should be sealed, if allowed by the Court, during the presentation of any testimony relating to or involving the use of any Protected Information.

F. **NON-PARTY USE OF THIS PROTECTIVE ORDER**

1. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

2. A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any Party in this case.

G. **NO WAIVER OF PRIVILEGE**

1. Nothing in this Protective Order shall require disclosure of information that a Party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced or made available for inspection, such disclosure shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity, or other ground for withholding production to which the Producing Party would otherwise be entitled to assert.

2. Any Party that inadvertently produces or makes available for inspection materials protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s). Such request must be made in writing and set out the bases for the privilege or immunity claimed.

///

3. In the case of documents, if the party that received the document agrees that it is privileged or work product (without regard to its production), then the document and all copies shall promptly be returned to the producing party or destroyed, and no reference to such document shall be made in connection with the proof of the facts in this dispute. If the party that received the document does not agree that the document was protected by privilege or work product, then it shall so notify the producing party within ten (10) calendar days of receiving written notice of the asserted privilege or work product protection. In such event, the producing party may move the Court to resolve the question. Unless the parties otherwise agree in writing, any such motion must be made within twenty-one (21) calendar days of receiving notification that the recipient of the document disputes the claim of privilege or work product. If the Court rules that the document is protected (without regard to the fact of production), then the party that received the document shall promptly return the document and all known copies to the producing party (except that counsel of record may retain copies as needed for the sole purpose of seeking reconsideration or appellate review of the Court's ruling on the question of privilege) and shall make no reference to the document in connection with the proof of the facts or pursuit of judgment or settlement in this case.

**H. NO WAIVER OF PROTECTION**

1. Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to documents, the Producing Party shall notify all Receiving Parties that such documents are protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Information with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Within seven (7) days of

receiving the Protected Information with the correct confidentiality designation, the Receiving Parties shall return or securely destroy and certify such destruction, at the Producing Party's option, all Protected Material that was not designated properly.

2. In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court. Unauthorized or inadvertent disclosure does not change the status of Protected Information or waive the right to hold the disclosed document or information as Protected.

3. A Receiving Party shall not be in breach of this Order for any use of such Protected Information before the Receiving Party receives the Protected Information with the correct confidentiality designation, unless an objectively reasonable person would have realized that the Protected Information should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Information with the correct confidentiality designation, the Receiving Party shall treat such Protected Information at the appropriately designated level pursuant to the terms of this Order. Notwithstanding the above, a subsequent designation of Protected Information shall apply on a going forward basis only and shall not disqualify anyone who reviewed Protected Information while the materials were not appropriately marked from engaging in any activities otherwise permitted by this Order.

## I. MISCELLANEOUS PROVISIONS

1. If at any time Protected Information in any form is subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person or entity to whom the subpoena or other request is directed shall immediately:

   a. notify in writing the person or entity who caused the subpoena or other request to issue that some or all of the material covered by the subpoena or request is subject to a Protective Order and include a copy of this Order with such notice;

   b. give written notice thereof to every Party or nonparty, and their counsel, who has produced such documents and include a copy of the subpoena or request with such notice; and,

   c. provide each such Producing Party or nonparty with an opportunity to object to the production of such documents.

2. Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications between counsel for a Party and that Party's testifying expert(s) related to the content of expert reports are exempt from discovery, provided that this limitation on discovery does not permit a Party to withhold any material relied upon by testifying experts solely on the ground that such material was provided to the expert by counsel. All materials generated by a testifying expert with respect to that person's work are also exempt from discovery unless they identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

3. No Party shall be required to identify on their respective privilege log any document or communication related to this litigation dated on or after the filing of this lawsuit, which absent this provision, the Party would have been obligated to so identify

on said privilege log. The Parties shall exchange their respective privilege document logs at a time to be agreed upon by the Parties following the production of documents.

4. The United States District Court for the District of California is responsible for the interpretation and enforcement of this Protective Order. After termination of this litigation, the provisions of this Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Information for enforcement of the provision of this Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of California. In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved designating Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.

5. Each of the Parties agrees to be bound by the terms of this Protective Order as of the date counsel for such Party executes this Protective Order, at which time the provisions of this Order shall retroactively apply to any Protected Information obtained by that Party or its counsel prior to execution, even if prior to entry of this order by the Court.

6. This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representative, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

/ / /

/ / /

/ / /

/ / /

7. All notices required by this Protective Order are to be served on the attorney(s) for each of the Defendants and Plaintiff listed in the signature block below for each Party.

**IT IS SO ORDERED.**

Dated:  March 20, 2020 /S/ Frederick F. Mumm
FREDERICK F. MUMM
UNITED STATES MAGISTRATE JUDGE