UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:19-cv-04728-AB-PDx | Date: | October 25, 2023 |
|---|---|---|---|

Title: *VetStem Biopharm, Inc. v. California Stem Cell Treatment Center, Inc.*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER ACCEPTING FINDINGS AND RECOMMENDATON OF UNITED STATES MAGISTRATE JUDGE REGARDING PLAINTIFF's MOTION FOR ADVERSE INFERENCE [DKT. NO. 159]**

Pursuant to 28 U.S.C. § 636, the Court has reviewed VetStem Biopharm, Inc.'s ("VetStem") Motion for Adverse Inference (Dkt. No. 159), all the relevant records on file, the Report and Recommendation of the United States Magistrate Judge ("R&R," Dkt. No. 224), California Stem Cell Treatment Center, Inc.'s ("CSCTC") Objection to Magistrate Judge's Report and Recommendations ("Obj.," Dkt. No. 247-1), and VetStem's Response in Opposition to CSCTC's Objection (Dkt. No. 262). For the reasons stated below, the Court **ACCEPTS** the findings and recommendations of the Magistrate Judge.

**I.  BACKGROUND**

The Court incorporates the background section set forth in the R&R by reference as if fully set forth herein. R&R at 4–16.

## II. ANALYSIS

### a. CSCTC's Objections to Factual Finding Regarding the Number of Accused Procedures

CSCTC argues that the R&R errs in concluding that "CSCTC may have performed as many as 8,400 Accused Procedures." Obj. at 16.

First, CSCTC argues that the R&R's finding that it is reasonable to infer that CSCTC performed over 15,000 stem cell procedures is incorrect. *Id*. The R&R based its finding, in part, on CSCTC's website, which states, "[o]ver 15,000+ stem cell procedures & outcomes backed by patient reported data." R&R at 26–27 (quoting Dkt. No. 189-4.) CSCTC argues the statement does not actually demonstrate that CSCTC itself performed those 15,000 procedures. Obj. at 16. Rather, CSCTC shifts the blame to Cell Surgical Network ("CSN"). *Id.* CSCTC makes this argument even though the statement appears on CSCTC's website and makes no reference to CSN. *See* Screenshots from CSCTC's Website, Dkt. 189-4. Moreover, the R&R did not base this inference on this statement alone but rather found the inference reasonable given the corroborating statements contained in Dr. Lander's October 2021 declaration that 13,610 patients had been treated over nine years. *See* R&R at 26.

CSCTC further argues that Dr. Lander's August 30, 2023 Declaration (Dkt. No. 246-1) as well as CSCTC's First Supplemental Responses to Interrogatory No. 10 (Dkt. No. 246-3) provide evidence contrary to the R&R's finding. They do not. As a preliminary matter, the Court cannot consider the August 30, 2023 Declaration as untimely. *See* Fed. R. Civ. P. 37(c)(1). After many continuances, expert discovery in this action concluded with rebuttal disclosures due on February 17, 2023. *See* Dkt. No. 143. It would be prejudicial to consider a declaration filed just months before trial and to which VetStem had no meaningful opportunity to respond, especially because CSCTC does not show the failure was either justified or harmless. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

The interrogatory response explains that CSCTC is an affiliate of CSN, which includes 152 clinics. Dkt. 246-3 at 5. It further states, "[t]he 15,000+ procedures referenced on CSN's and any affiliate's website are the aggregate of cases reported from all 152 clinics." *Id*. However, CSCTC produced insufficient evidence in support of this response. R&R at 22–24. Thus, even if the response is accurate, it does not explain how many of the 15,000+ procedures are attributable to CSCTC. On December 7, 2022, the Court ordered CSCTC to produce evidence relevant to VetStem's interrogatory, including all patient consultation forms. R&R at 14.

CSCTC then served a supplemental interrogatory response indicting it performed 343 of the accused procedures but failed to produce patient records for the full 15,000+ procedures. R&R at 15, 23–24.

Accordingly, the Court finds the interrogatory response is not probative given CSCTC's failure to produce corroborating evidence, as ordered. Based on the website, the unsupported interrogatory response, and CSCTC's failure to comply with the December 7, 2022 Order, it is reasonable to infer that CSCTC performed a large portion of the 15,000+ procedures.

Second, CSCTC argues that the R&R misinterpreted two studies in arriving at the conclusion that "CSCTC performed 8,400 accused procedures." Obj. at 17. CSCTC again insists that the studies concern CSN, which includes many doctors and clinics, and that only some of the procedures are properly attributable to CSCTC and/or Drs. Bergman and Landers. *Id*. Again, however, CSCTC fails to provide any evidence identifying the procedures attributable to CSCTC as opposed to some other clinic and/or doctors. *See* R&R at 23–24 ("CSCTC produced insufficient documents to verify, corroborate or explain the contents of the database printout, and this incomplete production precludes VetStem – and the jury – from being able to determine whether the database printout is accurate or complete"). CSCTC failed to do so despite court orders instructing CSCTC to produce this evidence and numerous extensions of discovery deadlines. Thus, without any contrary evidence and given the connection between CSCTC and CSN it is reasonable to infer that any evidence would be unfavorable to CSCTC and would in fact show that CSCTC performed up to the full 8,400 procedures listed in the study. Moreover, the R&R did not reach this finding based only on the studies. The R&R also considered Dr. Lander's October 2021 Declaration and statements appearing on CSCTC's website, discussed above, as well as sales documentation, discussed below. *See* R&R at 26.

Third, CSCTC argues that the R&R's determination based on the sales documentation is erroneous. Obj. at 19. Specifically, the R&R considered a document entitled, "Number of Kits Sold," showing that CSN sold an average of 2,450 kits annually. R&R at 27–28 (citing Dkt. No. 208). The R&R found this document consistent with the 8,400 accused procedures figure. *Id*. Again, CSCTC insists the document concerns CSN and not CSCTC and is not probative. Obj. at 19–20. However, as discussed above, CSCTC refused to produce adequate evidence distinguishing the activities of CSN and CSCTC. Accordingly, CSCTC's argument is not probative.

Finally, CSCTC argues that the R&R's improperly considered Dr. Lander's

statement in his October 2021 declaration (Dkt. No. 96-1 at ¶¶ 2-3), in which he testified that 13,610 patients had been treated over nine years. Obj. at 20. Again, CSCTC argues this testimony concerns CSN and not CSCTC, and again, given CSCTC's discovery failures, this argument is not probative.

In sum, the evidence analyzed in the R&R, taken together, supports a finding that CSN performed at least 8,400 accused procedures. No evidence distinguishes the procedures performed by CSCTC from the procedures performed by other clinics and/or doctors at CSN. CSCTC failed to comply with the December 7, 2022 Order instructing CSCTC to provide evidence sufficient to distinguish procedures performed by CSCTC versus procedures performed by other doctors and clinics at CSN. Given CSCTC's failure, it is reasonably to infer that most, if not all, of these CSN accused procedures are in fact attributable to CSCTC. If CSCTC's statements are true, i.e., that CSCTC did not perform all of these procedures, sell all of these kits, or have all of these patients, surely CSCTC would have and could have produced evidence supporting CSCTC's position that it only performed about 300 infringing procedures. CSCTC failed to produce this evidence.

Accordingly, the R&R's factual findings as to the number of accused procedures are reasonable.

### b. CSCTC's Objections to Factual Finding Regarding the Price of the Accused Procedures

CSCTC acknowledges it offered standard pricing for the accused procedures. Obj. at 21. CSCTC priced accused procedures offered before March of 2022 at $8,900 and after at $15,500. *Id*. However, CSCTC insists that it only charged a few patients the full amount. *Id*. Exemplary patient records show that CSCTC performed at least one accused procedure for free and that CSCTC performed another accused procedure at a discounted price of $5,500. *Id*.

Due to a lack of any further detail regarding discounted or free procedures, the R&R recommended an instruction that evidence shows that CSCTC charged its full pricing for the accused procedures. *See* R&R at 31–32. Moreover, Judge Donahue asked CSCTC to produce corroborating evidence for procedures performed at a discounted rate and CSCTC refused. *See* Reply at 11. Further as discussed above, CSCTC produced insufficient patient records despite many discovery continuances and multiple court orders to produce all relevant evidence. Thus, CSCTC's sparse evidence that it offered some procedures at discounted prices or for free does not provide a full picture of the prices it charged for all of

the accused procedures it performed.

In fact, CSCTC only produced patient files for 301 of the 343 procedures it contends it performed. As discussed above, the evidence supports a reasonable inference that CSCTC performed most, if not all, of the 8,400 accused CSN procedures. Even if CSCTC's evidence regarding the 301 procedures were credible, this leaves over 8,000 procedures unaccounted for with respect to pricing information. For these reasons, despite the minimal contrary evidence CSCTC produced, it is reasonable to infer that CSCTC charged its full pricing schedule for most of the procedures it performed.

CSCTC also objects to the R&R's pricing findings as contrary to the financial records produced by CSCTC. CSCTC insists its gross revenue for 2016 to 2022 for all services (not just the accused procedures) totals less than $10 million.[1] Obj. at 22. Per CSCTC, a finding that CSCTC performed 8,400 accused procedures at $8,900 each would result in damages of nearly $75 million, greatly exceeding CSCTC's revenue. *Id*. As the R&R explained, however, CSCTC's reported revenue information is inconsistent with both the evidence showing pricing and the evidence showing the number of accused procedures CSCTC performed. *See* R&R at 25, n.7. Thus, this evidence, alone, is not enough to render the inferences regarding the number of accused procedures and pricing unreasonable. Again, the lack of corroborating evidence is a problem that CSCTC created and is the reason for these inconsistencies.

For the foregoing reasons, the R&R's factual findings as to the pricing of the accused products are reasonable.

### c. CSCTC's Objection to Sanctions as Contrary to Law

CSCTC argues the R&R's recommended instructions are contrary to law because they direct the jury to reach specific conclusions regarding disputed matters of fact. Obj. at 22-23. Specifically, CSCTC argues there is a dispute of fact as to whether CSCTC charged $8,900 and $15,500, respectively for the accused procedures during the relevant time frames. *Id*. at 23. CSCTC further argues there is a dispute of fact as to whether CSCTC conducted as many as 8,400 accused procedures. *Id*.

---

[1] CSCTC admits that 90% of its revenue is attributable to the accused procedures. R&R at 25 (citing CSCTC's Second Supplemental Response to Plaintiff's First Set of Interrogatories, Dkt. No. 189-2 at 53).

The instructions do not direct the jury to make a specific factual finding. Rather, they state that "evidence has been presented during this trial that CSCTC charged $8,900 for each Accused Procedure performed from September 2016 through to March 2022 and that CSCTC charged its patients $15,500 for each Accused Procedure performed from March 2022 to the present" and "evidence has been presented during this trial that CSCTC conducted ***as many as*** 8,400 Accused Procedures from September 2016 through the present." R&R at 32( emphasis added). The R&R further provides:

> These instructions preserve CSCTC's right to introduce the evidence that it produced in discovery regarding the number of Accused Procedures and revenue it obtained therefrom. The contours of the instructions also do not preclude Dr. Lander or CSCTC's corporate representative from testifying about these topics, subject to cross-examination regarding the incomplete production of documents on these topics. They do not direct the jury to make any specific finding about the number of Accused Procedures performed by CSCTC or the resulting revenue, but they do advise the jury about CSCTC's misconduct and the proper inferences therefrom, and they are carefully tailored to this case.

*Id.* at 33. Given this statement and the carefully crafted instructions, CSCTC's argument that the sanctions are contrary to law are unfounded. Moreover, the Court modifies the instruction with respect to damages to better reflect that the prices are standard prices instead of charged prices, as discussed below.

### III.   CONCLUSION

The Court **ACCEPTS** the R&R's findings and recommendations with slight modifications. The evidence shows that CSN performed the 8,400 accused procedures. CSCTC and CSN together failed to produce any credible evidence identifying which of those 8,400 procedures are attributable to CSCTC. Accordingly, a jury may reasonably infer that CSCTC performed up to 8,400 procedures, consistent with the ninth recommended instruction in the R&R. As to the eighth recommended instruction, the Court makes the following modifications:

> Evidence has been presented during this trial that CSCTC offered standard pricing of $8,900 for each Accused Procedure performed

    from September 2016 through to March 2022 and $15,500 for each Accused Procedure performed from March 2022 to the present.

The Court applies these modifications to indicate that CSCTC offered standard pricing for the procedures, which could support a reasonable inference that CSCTC did in fact charge this price for most, if not all, of the infringing procedures.

    **IT IS SO ORDERED**.